IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | CR 10-40 |
| v. | ) | CV 13-177 |
| LORENZO JACKSON | | |

**OPINION AND ORDER**

**SYNOPSIS**

In this action, on January 27, 2011, Defendant pleaded guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C. § 371. Defendant was sentenced on May 20, 2011, and the judgment was entered on the docket on June 2, 2011. Defendant did not take an appeal. He filed his Section 2255 Motion on February 1, 2013. Before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255, and the Government's Motion to Dismiss that of Defendant as untimely. For the following reasons, the Government's Motion will be granted, and Defendant's denied, but a certificate of appealability shall issue.

**OPINION**

**I.     APPLICABLE STANDARDS**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). I further note that pro se pleadings are to be construed

1

liberally, and I have so construed Defendant's submissions. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

## II.     TIMELINESS OF DEFENDANT'S MOTION

Defendant contends that counsel was ineffective for failing to adequately advise him of the immigration consequences of his plea. He suggests that absent counsel's deficient performance, Defendant would have insisted on going to trial. The Government has moved to dismiss the Motion as untimely, and, in the alternative, based on the collateral attack waiver in his plea agreement.

Pertinent here, Section 2255 requires that a habeas petition be filed within one year of the later of:

> (1) the date on which the judgment of conviction becomes final; …(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;…or…(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1), (3), (4).

If no appeal is taken, a conviction becomes final, and the limitations period begins to run, when the time for filing an appeal expires. United States v. Williams, 2012 U.S. App. LEXIS 27254, at *1 (3d Cir. Dec. 20, 2012). Moreover, the burden of demonstrating timeliness lies with the defendant. United States v. Soto, 159 F. Supp. 2d 39, 45 (E.D. Pa. 2001).

### A. Section 2255(f)(4)[1]

---

[1] Insofar as Defendant relies on Section 2255(f)(3) and the recognition of a new right by the Supreme Court in Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), his argument is unavailing and I address it only in brief. Defendant's Motion was filed more than one year after Padilla was decided on March 31, 2010, and thus the timeliness of his Motion is unaffected thereby.

Defendant's Motion implicates Section 2255(f)(4), which permits the applicable limitations period to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." He urges that he did not know that he would be placed in immigration custody, and did not know that a time limitation existed.

Thus, Defendant's claim is untimely unless he can show that, "through the exercise of reasonable diligence," he could not have discovered that his conviction would likely lead to deportation until after one year from the date on which his conviction became final. See Noriega v. United States, 2013 U.S. Dist. LEXIS 151531 (M.D. Tenn. Oct. 21, 2013). Moreover, "[w]here the petitioner is on notice before his guilty plea that there are potential immigration consequences, the duty of due diligence arises at the time of the guilty plea." Puentes-Garcia v. United States, 2013 U.S. Dist. LEXIS 67383, at *8 (S.D. Ill. May 13, 2013). Under Section 22555(f)(4), the "[t]ime begins when the prisoner knows -- or through diligence could discover -- the important facts, not when the prisoner recognizes their legal significance." Harper v. United States, 2012 U.S. Dist. LEXIS 1712, at *9 (M.D. Pa. Jan. 6, 2012). The burden of demonstrating diligence rests on a defendant. Sayles v. United States, 2013 U.S. Dist. LEXIS 121532, at *19 (W.D. Pa. Aug. 27, 2013).

At the plea hearing in this case, counsel for the Government recited the provisions of the plea agreement into the record. He stated as follows:

> The plea agreement notes that by pleading guilty, they may have immigration consequences because of their status as not being United States citizens. Under federal law, a broad range of crimes are removable for offenses including offenses to which the defendants are pleading guilty for which removal may be presumptively mandatory. Removal and other immigration consequences, they understand, are subject to separate proceedings; however, the defendant understands that no one, including his attorney or the district court, can predict with certainty what will happen in those proceedings because of this one. They,

nevertheless, agreed to enter a plea of guilty under those circumstances even if they may be removed because of it.

After these provisions were read into the record, the Court asked, "Are … you having any doubts or reservations about your plea of guilty at this time?" Defendant responded, "No, Your Honor." Subsequently, he unequivocally stated his intention to plead guilty. The presiding Judge accepted that Defendant was pleading voluntarily and thus accepted his plea.[2]

Furthermore, Defendant's judgment of conviction includes the following term: "The defendant shall be deported if after notice and hearing pursuant to the Immigration and Naturalization Act, 8 U.S.C. 1228(d)(5) the Attorney General demonstrates by clear and convincing evidence the alien is deportable." Likewise, the presentence investigation ("PSI") in this case reflected an Immigration and Customs Enforcement detainer lodged after Defendant's initial appearance in 2010, listed Defendant's alien status, and recounted that Defendant recognized that his guilty plea may have consequences with respect to his immigration status. Defendant's Position with Respect to Sentencing Factors indicates that he reviewed the PSI with counsel; he raised no objections thereto. Importantly, moreover, Defendant now asserts that counsel in fact advised him that the plea "may have consequences with respect to his immigration status." Finally, it is clear that Defendant knew, at all pertinent times, that he was not a United States citizen.

These facts demonstrate Defendant was on notice of possible immigration consequences – i.e., his duty of due diligence was triggered -- well before January 1, 2012, or one year prior to the filing of his Section 2255 Motion. Nonetheless, there is no evidence that Defendant investigated or inquired about those possible consequences; to the contrary, Defendant asserts

---

[2] In this context, it is important to note Supreme Court's observation that "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).

that he assumed he was "in the clear."  Further, Defendant does not suggest that he was prevented, in any way, from pursuing such an inquiry or seeking post-conviction action, whether based on immigration consequences or his conclusory current claim of actual innocence. Moreover, ignorance of the AEDPA time limitation, or the legal basis for a claim, does not excuse timely filing.  See United States v. Maldanado, 1997 U.S. Dist. LEXIS 8869 (E.D. Pa. June 26, 1997). As stated in a similar case, in which the court found that a non-citizen defendant's diligence was triggered when counsel "mentioned possible immigration consequences": "What other 'immigration consequences' [other than removal] would conviction of a criminal offense be likely to have for [defendant]?"  Clarke v. United States, 703 F.3d 1098, 1100 (7th Cir. Ill. 2013).   In sum, Defendant's Motion is time-barred by the one-year limitation period.

### B. Equitable Tolling

I will, however, look to whether equitable tolling should apply here.  Equitable tolling is only appropriate where "principles of equity would make the rigid application of a limitation period unfair." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted).  Equitable tolling  may only be found when: (1) the respondent has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in the wrong forum. United States v. Boyd, 2009 U.S. Dist. LEXIS 4356, at **6-7 (W.D. Pa. Jan. 20, 2009).  To invoke equitable tolling, in addition to showing "extraordinary circumstances" that prevented a timely motion, a defendant must show that he exercised reasonable diligence in investigating and bringing his claims.  Miller, 145 F.3d at 618-19.  Equitable tolling is a remedy which should be invoked sparingly. United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998).   Defendant does

not contend, and the record would belie, that the Government misled him; nor does he claim that he timely asserted his rights in a different forum. Under the circumstances recounted supra, and for similar reasons, this case does not present the type of exceptional situation that justifies equitable tolling.

### III. CERTIFICATE OF APPEALABILITY

When a district court denies a § 2255 motion on a procedural ground, without reaching the underlying constitutional claim, a certificate of appealability should issue only if (1) "jurists of reason" would find the district court's procedural ruling debatable, and (2) the petition states a valid claim that constitutional rights were denied. See Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

First, Defendant has shown the denial of certain important rights. Moreover, Defendant states a valid claim that constitutional rights were denied. He asserts that counsel failed to advise him about the potential for mandatory deportation.[3] "When the law is not succinct and straightforward . . ., a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear.. the duty to give correct advice is equally clear." Padilla v. Kentucky, 130 S. Ct. 1473, 1483, 176 L. Ed. 2d 284 (2010). Moreover, although counsel for the Government read the pertinent portion of the plea letter into the record, the District Court did not personally address Defendant, and inform him, and ensure that he understood, "that, if convicted, a defendant who is not a United States citizen may be removed from the United States…." Fed. R. Crim. P. 11(b)(1)(O). Second, given the facts of record and

---

[3] 8 U.S.C. § 1227(a)(2)(A)(iii) states that any alien convicted of an aggravated felony at any time after admission is deportable. "Aggravated felony" is defined in 8 U.S.C. §1101(a)(43)(M)(i) to include an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000, and, under (a)(43)(R), an offense relating to commercial bribery, counterfeiting, forgery, for which the term of imprisonment is at least one year, and, under (a)(43)(U), an attempt or conspiracy to commit such an offense.

6

the underlying alleged constitutional violations, reasonable jurists could find today's procedural ruling debatable. Accordingly, a certificate of appealability shall issue.

## CONCLUSION

In conclusion, Defendant's Section 2255 Motion is untimely. I note that I am not without reservations regarding his allegations, particularly given the severe outcome for Defendant. Accordingly, Defendant's Motion will be denied, but a certificate of appealability shall issue. An appropriate Order follows.

## ORDER

AND NOW, this 3rd day of March, 2016, Defendant's Motion to Vacate is DENIED, and the Government's Motion to Dismiss is GRANTED. The Court, however, hereby issues a certificate of appealability.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court